J-S16011-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM JOSEPH TURNER | : | |
| | : | |
| Appellant | : | No. 1255 MDA 2017 |
| | : | |

Appeal from the PCRA Order July 10, 2017
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0002153-1980

BEFORE:   BOWES, J., MURRAY, J., and PLATT*, J.

MEMORANDUM BY BOWES, J.:                    **FILED SEPTEMBER 19, 2018**

William Joseph Turner appeals from the July 10, 2017 order dismissing his PCRA petition as untimely.  Counsel has filed a petition for leave to withdraw as counsel and a "no merit/**Turner**[-]**Finley** brief."  Appellant filed a *pro se* brief after receiving permission from this Court to file a response.[1] We affirm and grant counsel's petition to withdraw.

Appellant was convicted of second-degree murder on March 31, 1981, when a jury found that he killed his victim by a shotgun blast to the face and neck.  He was sentenced to life imprisonment.  This Court affirmed the judgment of sentence on February 4, 1984, and our Supreme Court denied

---

[1]  Our *per curiam* order stated that, "Appellant shall be permitted to file a *pro se* response to counsel's **Turner/Finley** "letter brief" within 30 days of the date that this order is filed.  Appellant's failure to file a response may be considered as a waiver of his right to present issues outside of those raised in counsel's **Turner/Finley** "letter brief " to this Court."  Order, 1/18/18, at 1.

---

*   Retired Senior Judge assigned to the Superior Court.

allowance of appeal on May 2, 1984. *Commonwealth v. Turner*, 472 A.2d 252 (Pa.Super. 1984) (unpublished memorandum). Thus, his judgment of sentence became final on July 31, 1984, ninety days after our Supreme Court denied the petition, when he did not file a writ of *certiorari* to the United States Supreme Court. *See* 42 Pa.C.S. § 9545(b)(3) (providing "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[.]"). U.S.Sup.C.R. 13 (providing a petition for writ of *certiorari* seeking review of a state court judgment is timely when filed within ninety days after entry of the order denying review).

Thereafter, Appellant filed a PCRA petition on February 13, 1996, which was denied. On appeal, we vacated the order and remanded for the appointment of counsel and an evidentiary hearing. Again, relief was denied, this Court affirmed, and the Supreme Court denied allowance of appeal. On June 5, 2000, Appellant filed a petition seeking *habeas corpus* relief, which was treated as a PCRA, and dismissed. We affirmed on appeal. *Commonwealth v. Turner*, 782 A.2d 1060 (Pa.Super. 2001) (unpublished memorandum).

On March 22, 2012, Appellant filed a third PCRA petition, followed by two addendums to the petition. After Rule 907 notice was given, Appellant filed objections to the dismissal. On November 14, 2013, the petition was

dismissed as untimely. Appellant appealed, and this Court affirmed the dismissal on February 1, 2016. ***Commonwealth v. Turner***, 141 A.3d 582 (Pa.Super. 2016) (unpublished memorandum).

The instant PCRA petition, his fourth, was filed on March 23, 2016. Appellant's sole claim is that counsel was ineffective in failing to inform him of a plea offer that he would have accepted had he been told. He asserted that the petition was timely filed as it fell within the exception for newly-recognized constitutional rights held to be retroactive by either our High Court or the U.S. Supreme Court. Counsel was appointed. In lieu of an amended petition, counsel filed a motion to withdraw and a no-merit letter, and served copies of same upon Appellant. The PCRA court did not rule on the motion. Rather, by order dated July 10, 2017, the court denied the PCRA petition after determining that it was facially untimely, no timeliness exception had been proven, and the issues raised were previously litigated and frivolous.

Counsel filed a notice of appeal on Appellant's behalf and then moved to withdraw. The court granted counsel's withdrawal motion on August 14, 2017, and appointed current counsel, Attorney Matthew Kelly, to represent Appellant on appeal. Attorney Kelly filed an application to withdraw with this Court pursuant to ***Turner/Finley***, and a no-merit brief. Appellant filed a *pro se* brief in which he conceded that he was not entitled to relief on his plea-related claim. Appellant's *pro se* brief at 4. He argued instead that a sealed civil case likely contained facts that would exonerate him of murder or at least

reduce the severity of the offense of which he was convicted. *Id*. He maintained that the interest of justice trumped the PCRA's time constraints and permitted the court to open the civil case *in camera* to access newly-discovered exculpatory evidence. *Id*.

Preliminarily, we must address whether PCRA counsel has met the requirements of *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) *(en banc)*. *Turner/Finley* requires counsel to conduct an independent review of the record before a PCRA court or appellate court can authorize an attorney's withdrawal. Counsel must then file a no-merit letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. *Commonwealth v. Freeland*, 106 A.3d 768 (Pa.Super. 2014) (citations omitted). The no-merit letter and application to withdraw must be served upon the client by counsel, along with a statement that, if the court granted counsel's withdrawal request, the client may proceed *pro se* or with a privately retained attorney. *Id*. at 774. Only if the Court agrees with counsel that the petition lacks merit will counsel be permitted to withdraw.

We find that counsel has substantially complied with the procedural requirements of *Turner/Finley*. Although he submitted a brief rather than a letter, which is the procedure on direct appeal under *Anders v. California*, 386 U.S. 738 (1967), we find it acceptable as it is more arduous than *Turner/*

*Finley* requires. *See Commonwealth v. Fusselman*, 866 A.2d 1109, 1111 n.3 (Pa.Super. 2004) (recognizing that direct appeal procedure imposes stricter requirements than *Turner/Finley*). In the no-merit brief, counsel identified the issue Appellant raised in the PCRA petition, explained why it was meritless, and served the brief upon Appellant. Counsel also sent a letter to Appellant informing him of his right to either obtain private counsel or proceed *pro se*, and enclosed a copy of his withdrawal petition. In that petition, counsel represented that he had reviewed the record and concluded that the appeal was wholly frivolous and that there were no meritorious issues.

We now determine whether the appeal is indeed meritless. In reviewing an order denying PCRA relief, we must determine whether the PCRA court's decision is supported by the record and free of legal error. *Commonwealth v. Wah*, 42 A.3d 335 (Pa.Super. 2012). In doing so "[w]e review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Burkett*, 5 A.3d 1260, 1267 (Pa.Super. 2010). Our review is limited to the findings of the PCRA court and the evidence of record. *Id*.

The PCRA court concluded that the petition was untimely and that none of the exceptions to the time bar applied. In addition, the court noted that the issues were previously litigated. The record supports the PCRA court's findings for the reasons that follow.

Generally, a petition for relief, including a second or subsequent petition, must be filed within one year of the date the judgment is final, unless the petitioner alleges and proves that one of the three exceptions to the time bar applies. "A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review. 42 Pa.C.S. § 9545(b)(3)." *Commonwealth v. Hernandez*, 79 A.3d 649, 650 (Pa.Super. 2013). The time bar is jurisdictional, and the court may not ignore it in order to reach the merits of the petition. *Id*.

Herein, judgment of sentence became final on or about July 31, 1984, ninety days after the Supreme Court of Pennsylvania denied allowance of appeal on May 2, 1984. Thus, any petition, in order to be facially timely, would have to be filed on or before July 31, 1985. The instant petition filed on March 23, 2016, is thirty years too late. Thus, we have no jurisdiction to entertain the petition unless Appellant has pled and proved one of the exceptions to the time-bar set forth in § 9545.

Appellant, in his *pro se* brief, characterizes his PCRA petition as seeking relief based on trial counsel's alleged ineffectiveness in failing to communicate to him a favorable plea offer to third-degree murder. He argues that the petition is timely because it was filed within sixty days of the United States Supreme Court's decision in *Montgomery v. Louisiana*, 136 S.Ct. 718

(2016), which held that the U.S. Supreme Court's decision in **Miller v. Alabama**, 567 U.S. 460 (2012), must be applied retroactively by the states. He maintains that the rationale espoused in **Montgomery** effectively made retroactive the Supreme Court's earlier decision in **Missouri v. Frye**, 132 S.Ct. 1399 (2012), involving the right to be informed of a plea offer.

Appellant's attempt to bootstrap **Frye** onto **Montgomery** for purposes of meeting the exception in § 9545(b)(1)(iii) for new constitutional rules expressly made retroactive by either the U.S. or Pennsylvania Supreme Courts, and to bring it within the required sixty-day window, is unavailing. In **Hernandez**, **supra** at 650, the appellant argued that his PCRA petition alleging counsel ineffectiveness in advising him regarding a plea was timely due to the decisions of the United States Supreme Court in **Lafler v. Cooper**, 132 S.Ct. 1376 (2012), and **Frye**, **supra**, which he claimed set forth newly-recognized constitutional rights as contemplated by section 9545(b)(1)(iii) of the PCRA. This Court rejected that contention, finding that "neither **Frye** nor **Lafler** created a new constitutional right." **Hernandez**, **supra** at 650. We held that the right to effective assistance of counsel during the plea bargaining process had been recognized for decades.[2] Thus, he has failed to plead and

---

[2] Even if Appellant could avoid the time bar, and we could reach the merits, the record indicates that the issue has been previously litigated. Appellant filed a PCRA petition on February 13, 1996, alleging that trial counsel failed to communicate to him a plea offer made by the Commonwealth prior to trial. PCRA relief was denied, and he appealed. This Court vacated the order and

prove an exception to the time bar that would permit this Court to entertain the merits of his claim.[3]

The Petition of Matthew Kelly, Esquire, for Leave to Withdraw is granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/19/2018

---

remanded for an evidentiary hearing, following which relief was again denied. On appeal, we affirmed, and the Supreme Court denied allowance of appeal. *Commonwealth v. Turner*, 737 A.2d 813, 823 (Pa.Super. 1999).

[3] In his brief, Appellant fails to argue the only claim that he asserted in his PCRA petition: that counsel was ineffective for failing to apprise him of a plea offer. Instead, his brief is devoted to his assertion that there is a sealed civil case that potentially contains evidence that would exonerate him of second-degree murder. A claim not raised in a PCRA petition cannot be raised for the first time on appeal. *Commonwealth v. Santiago*, 855 A.2d 682, 691 (Pa. 2004). As previously noted, Appellant sought *habeas corpus* relief in 2000 based on the allegation that plea counsel was ineffective in failing to make inquiries concerning the same civil litigation. The petition was treated as a PCRA petition and relief was denied. This Court affirmed on appeal. *Commonwealth v. Turner*, 782 A.2d 1060 (Pa.Super. 2001).